UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

FEB 2 7 2013

David J. Bradley, Clerk of Court

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| V. | § | CRIMINAL NO. B-12-512 |
| ISRAEL AVILA | § § | |

## PLEA AGREEMENT

COMES NOW the United States of America, by and through its attorneys, KENNETH MAGIDSON, United States Attorney for the Southern District of Texas and JODY L. YOUNG, Assistant United States Attorney, and the defendant, **ISRAEL AVILA**, and the defendant's counsel, pursuant to Rule 11(e)(1)(B) of the Federal Rules of Criminal Procedure, and state that they have entered into an agreement, the terms and conditions of which are as follows:

1. The defendant, **ISRAEL AVILA**, agrees to plead guilty to Count Fifteen (15) of the Indictment. Count Eight charges the defendant with <u>possession with intent to distribute a quantity exceeding one hundred (100) kilograms of marihuana</u>, in violation of Title 21, United States Code, <u>§841(a)(1) and 841(b)(1)(B)</u>. The defendant, by entering this plea, agrees that he/she is waiving any right to have the facts that the law makes essential to the punishment either charged in the indictment, or proved to a jury or proven beyond a reasonable doubt.

2. As part of this agreement, the United States agrees to recommend <u>that the Defendant be given full credit for acceptance of responsibility, be sentenced to the low end</u>

3

<u>of the applicable Guideline level he scores, and a dismissal of remaining counts.</u>

3. The penalty for a violation of Title 21, United States Code, Sections <u>841(a) and 841(b)(1)(B)</u>, includes a maximum term of 40 years, and a mandatory minimum term of <u>five (5)</u> years imprisonment; a fine of up to $5,000,000; and a period of supervised release of at least <u>four (4)</u> years. The defendant also acknowledges and understands that if the defendant violates the conditions of any period of supervised release which may be imposed as part of the sentence, then the Defendant may be imprisoned for the entire term of supervised release without credit for time already served on the term of supervised release prior to such violation. The defendant cannot be placed on probation or have the imposition or execution of the sentence suspended. Further, the defendant is not eligible for parole.

4. The defendant will pay to the United States District Clerk a special assessment in the amount of one-hundred dollars ($100.00) per count of conviction, as required in Title 18, United States Code, Section 3013(a)(2)(A). The payment will be by certified check payable to United States District Clerk, Brownsville, Texas 78520.

5. The defendant understands that under the Sentencing Guidelines, the Court is permitted to order the defendant to pay a fine that is sufficient to reimburse the government for the costs of any imprisonment or term of supervised release; if any is ordered.

6. The defendant agrees that any fine or restitution imposed by the Court will be due and payable immediately, and defendant will not attempt to avoid or delay payment.

7. Defendant agrees to make complete financial disclosure by truthfully executing a sworn financial statement (Form OBD-500) prior to sentencing if he/she is requested to do so. In the event that the Court imposes a fine or orders the payment of restitution as

4

part of the Defendant's sentence, the Defendant shall make complete financial disclosure by truthfully executing a sworn financial statement immediately following his/her sentencing.

8. If the defendant is not a citizen of the United States, a plea of guilty may result in deportation, exclusion from admission to the United States, or the denial of naturalization.

9. The parties understand this agreement carries the potential for a motion for departure under Section 5K1.1 of the Sentence Guidelines. The defendant understands and agrees that whether such a motion is filed will be determined solely by the United States through the United States Attorney for the Southern District of Texas. Should the defendant's cooperation, in the sole judgment and discretion of the United States, amount to "substantial assistance", the United States reserves the sole right to file a motion for departure pursuant to Section 5K1.1 of the <u>Sentencing Guidelines and Policy Statement</u>. The defendant further agrees to persist in that plea through sentencing, fully cooperate with the United States, not oppose the forfeiture of assets contemplated in this agreement.

10. The defendant understands and agrees that "fully cooperate" as used herein, includes providing all information relating to any criminal activity known to defendant, including but not limited to the specific facts of the present offense. The defendant understands that such information includes both state and federal offenses arising therefrom. In that regard:

    (a)    Defendant agrees that this plea agreement binds only the United States Attorney for the Southern District of Texas and defendant; it does not bind any other United States Attorney or any other unit of the Department of Justice;

5

(b) Defendant agrees to testify truthfully as a witness before a grand jury or in any other judicial or administrative proceeding when called upon to do so by the United States. Defendant further agrees to waive his/her Fifth Amendment privilege against self-incrimination for the purpose of this agreement;

(c) Defendant agrees to voluntarily attend any interviews and conferences as the United States may request;

(d) Defendant agrees to provide truthful, complete and accurate information and testimony and understands any false statements made by the defendant to the Grand Jury or at any court proceeding (criminal or civil), or to a government agent or attorney can and will be prosecuted under the appropriate perjury, false statement or obstruction statutes;

(e) Defendant agrees to provide to the United States all documents in his/her possession or under his/her control relating to all areas of inquiry and investigation.

(f) Should the recommended departure, <u>if any</u>, not meet the defendant's expectations, the defendant understands he remains bound by the terms of this agreement and cannot, for that reason alone, withdraw his/her plea.

11. Defendant is aware that Title 18, United States Code, § 3742, affords a defendant the right to appeal the conviction and sentence imposed. The defendant knowingly and voluntarily waives the right to appeal the conviction and the sentence imposed, or the manner in which the sentence was determined. Additionally, the defendant is aware that Title 28, United States Code, § 2255, affords the right to contest or "collaterally attack" a conviction or sentence after the conviction or sentence has become final. The defendant knowingly and voluntarily waives the right to contest his/her conviction or sentence by means of any post-conviction proceeding. If the defendant files a notice of appeal following the imposition of sentence, the government will seek specific performance of this provision.

In exchange for the Agreement with the United States, Defendant waives all defenses based on venue, speedy trial under the Constitution and Speedy Trial Act, and the statute of limitations with respect to any prosecution that is not time barred on the date that this Agreement is signed, in the event that (a) Defendant's conviction is later vacated for any reason, (b) Defendant violates any provision of this Agreement, or (c) Defendant's plea is later withdrawn.

12. In agreeing to these waivers, defendant is aware that a sentence has not yet been determined by the Court. The defendant is also aware that any estimate of the possible sentencing range under the sentencing guidelines that he/she may have received from his/her counsel, the United States or the Probation Office, is a prediction, not a promise, did not induce his/her guilty plea, and is not binding on the United States, the Probation Office or the Court. The United States does not make any promise or representation concerning what sentence the defendant will receive. Defendant further understands and agrees that the United States Sentencing Guidelines are "effectively advisory" to the Court. *United States v. Booker*, 125 S.Ct. 738 (2005). Accordingly, Defendant understands that, although the Court must consult the Sentencing Guidelines and must take them into account when sentencing Defendant, the Court is not bound to follow the Sentencing Guidelines nor sentence Defendant within the calculated guideline range.

13. The Defendant understands and agrees that each and all waivers contained in the Agreement are made in exchange for the concessions made by the United States in paragraph 2 of this plea agreement.

14. The United States reserves the right to carry out its responsibilities under guidelines sentencing. Specifically, the United States reserves the right:

   (a) to bring its version of the facts of this case, including its evidence file and any investigative files, to the attention of the Probation Office in connection with that office's preparation of a presentence report;

   (b) to set forth or dispute sentencing factors or facts material to sentencing;

   (c) to seek resolution of such factors or facts in conference with defendant's counsel and the Probation Office; and,

   (d) to file a pleading relating to these issues, in accordance with U.S.S.G. Section 6A1.2 and Title 18, U.S.C.§ 3553(a).

15. Defendant is aware that the sentence will be imposed after consideration of the United States Sentencing Guidelines and Policy Statements, which are only advisory, as well as the provisions of Title 18, U.S.C. § 3553(a). Defendant nonetheless acknowledges and agrees that the Court has authority to impose any sentence up to and including the statutory maximum set for the offense(s) to which Defendant pleads guilty, and that the sentence to be imposed is within the sole discretion of the sentencing judge after the Court has consulted the applicable Sentencing Guidelines. Defendant understands and agrees the parties' positions regarding the application of the Sentencing Guidelines do not bind the Court and that the sentence imposed is within the discretion of the sentencing judge. If the Court should impose any sentence up to the maximum established by statute, or should the Court order any or all of the sentences imposed to run consecutively, Defendant cannot, for that reason alone, withdraw a guilty plea, and will remain bound to fulfill all of the obligations under this plea agreement.

16. Defendant represents to the Court that he/she is satisfied that his/her attorney has rendered effective assistance. Defendant understands that by entering into this agreement, he/she surrenders certain rights as provided in this plea agreement. Defendant understands that the rights of a defendant include the following:

(a) If defendant persisted in a plea of not guilty to the charges, defendant would have the right to a speedy jury trial with the assistance of counsel. The trial may be conducted by a judge sitting without a jury if the defendant, the United States, and the court all agree.

(b) At a trial, the United States would be required to present witnesses and other evidence against the defendant. Defendant would have the opportunity to confront those witnesses and his/her attorney would be allowed to cross-examine them. In turn, the defendant could, but would not be required to, present witnesses and other evidence on his/her own behalf. If the witnesses for defendant would not appear voluntarily, he/she could require their attendance through the subpoena power of the court.

(c) At a trial, defendant could rely on a privilege against self-incrimination and decline to testify, and no inference of guilt could be drawn from such refusal to testify. However, if the defendant desired to do so, he/she could testify on his/her own behalf.

17. If defendant should fail in any way to fulfill completely all of the obligations under this plea agreement, the United States will be released from its obligations under the plea agreement, and the defendant's plea and sentence will stand. If at any time defendant retains, conceals or disposes of assets in violation of this plea agreement, or if defendant knowingly withholds evidence or is otherwise not completely truthful with the United States, then may move the Court to set aside the guilty plea and reinstate prosecution. Any information and documents that have been disclosed by defendant, whether prior to or subsequent to this plea agreement, and all leads derived therefrom, will be used against defendant in any prosecution.

18. This written plea agreement, consisting of eleven pages, including the

9

attached certifications of defendant and his/her attorney, constitutes the complete plea agreement between the United States, defendant and his/her counsel. No promises or representations have been made by the United States except as set forth in writing in this plea agreement. Defendant acknowledges that no threats have been made against him/her and that he/she is pleading guilty freely and voluntarily because he/she is guilty.

19. Any modification of this plea agreement must be in writing and signed by all parties.

_____
Defendant

APPROVED:

_____
Assistant U. S. Attorney

_____
Attorney for Defendant

## CERTIFICATION BY THE DEFENDANT

I have consulted with my counsel and fully understand all my rights with respect to the charge(s) pending against me. Further, I have consulted with my attorney and fully understand my rights with respect to the provisions of the Sentencing Guidelines and Policy Statements which may apply in my case. I have read this plea agreement and carefully reviewed every part of it with my attorney. I understand this agreement and I voluntarily agree to it.

_____  _2-27-13_
Defendant                                                    Date

## CERTIFICATION BY ATTORNEY

I have fully explained to the defendant, his rights with respect to the pending indictment/information. Further, I have reviewed the provisions of the Sentencing Guidelines and Policy Statements and I have fully explained to the defendant the provisions of those Guidelines which may apply in this case. I have carefully reviewed every part of this plea agreement with the defendant. To my knowledge, the defendant's decision to enter into this agreement is an informed and voluntary one.

_____  _2-27-13_
Counsel for Defendant                               Date

11

PLEA PACKET MEMO

United States District Court
Southern District of Texas
FILED

FEB 2 7 2013

David J. Bradley, Clerk of Court

ASSIGNED AUSA: **JODY L. YOUNG**

DEFENDANT: **Israel Avila**
CASE# **B-12-512 - 9**

RECOMMENDATION IN EXCHANGE FOR DEFENDANT'S PLEA TO **COUNT FIFTEEN OF THE INDICTMENT AND WAIVER OF CERTAIN APPELLATE RIGHTS** : <u>**FULL ACCEPTANCE OF RESPONSIBILITY, A RECOMMENDATION THAT THE DEFENDANT BE SENTENCED AT THE LOW END OF THE APPLICABLE ADVISORY SENTENCING GUIDELINES, AND A DISMISSAL OF THE REMAINING COUNTS AT THE TIME OF SENTENCING.**</u>

## FACT SUMMARY SHEET

During 2010-2011, Israel Avila would invest in marihuana shipments with Julio Cesar Cardenas, Juan Torres, and other co-conspirators in the Julio Cesar Cardenas DTO. In this capacity, Avila was an independent contractor who, at various times, would contract with Julio Cesar Cardenas to ship marihuana through unknowing commercial freight shipping companies. Other times, Avila would arrange for his own transportation of marihuana. Some of the states that Avila assisted in the transportation of marihuana include Indiana and Florida.

Juan Torres is a co-conspirator who has pled guilty in this case and has agreed to cooperate. During the wire interception of Torres' phone in April 2011, Torres was intercepted talking with Avila about a 500 pound marihuana shipment. Torres represented to an unindicted co-conspirator that "Riley was his main man." Riley is the nickname for Israel Avila. Avila was present during this intercepted conversation. Avila is then heard during this conversation speaking with the unindicted co-conspirator. During the court authorized wire interceptions of cell phones used by Julio Cesar Cardenas, Avila also engaged in some general drug conversations with Cardenas in April and June 2011.

Joel Villarreal, aka Cornflake, is also a defendant in a related case who has agreed to cooperate with law enforcement. Villarreal has admitted to law enforcement of his participation in shipping marihuana with Julio Cesar Cardenas, Juan Torres, Byron Green, and Israel Avila. Villarreal has told law enforcement that an unindicted co-conspirator's house was utilized to store Avila's marihuana as well as marihuana belonging to Cardenas and Villarreal.

Villarreal identified Avila from a 6 person photo lineup in May 2012 and told agents that Avila needed Julio Cesar Cardenas to transport Avila's marihuana because Cardenas had transportation links to warehouses in the area. Villarreal said that Cardenas would

charge Avila between $80-$150 a pound to transport marihuana. Villarreal said that two of the warehouses utilized by Cardenas to ship marihuana for Avila were Crystal Solutions and ELM Shipping. The wire intercepts and further investigation by law enforcement has confirmed the existence of these warehouses and their use as shipment points for marihuana. Villarreal also said that he, Juan Torres, and Avila financed another warehouse on Coffeeport Road in Brownsville for the purpose of shipping marihuana.

Villarreal told law enforcement that he and Avila shipped a load of 400 pounds of marihuana to "Roque" in Florida. Villarreal told agents that Cardenas also sent marihuana to Roque and had some shipments seized. The wire interceptions of Cardenas' cell phones in April and June identified a "Roque" in Florida who was receiving marihuana from the Cardenas DTO on a regular basis and returning drug proceeds to the Cardenas DTO.

Byron Green is another cooperating defendant. Green confirmed with law enforcement that he ran the warehouse called Crystal Solutions. Green also told agents that he would help arrange for the transportation of marihuana loads for Avila. Specifically, Green confirmed a marihuana seizure of 212 kilos that was destined for Indiana on December 1, 2010. This shipment was sent through Valley Overstock Unlimited located on Coffeeport Road in Brownsville. Avila participated in this marihuana load. This load constitutes the marihuana seized in Count 15.

Avila also assisted and invested in 350 pounds of marihuana shipped by Crystal solutions that was seized in Tampa, Florida in September 2010. This seizure comprises Count 12 of the indictment.

I agree the above factual summary accurately represents my involvement in the crime to which I am pleading guilty and that the abbreviated proposed plea agreement accurately describes my plea agreement with the government. A complete written plea agreement may be attached.

_____
**Israel Avila, Defendant**

_____
**Assistant United States Attorney**

_____
**Counsel for Defendant**

2